# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. |
|---|---|---|
| PLAINTIFF(S) James Whitley | | DEFENDANT(S) Kion North America Corporation and Linde Material Handling North America Corporation |
| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
| Brian Keane<br>Kaplan Bond Group<br>88 Black Falcon Ave., Suite 301<br>Boston, MA 656717 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK                IS THIS A JURY CASE?

B05 Product Liability - Average Track                         [ • ] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                      $ 32,766
2. Total doctor expenses                                        $ 7440
3. Total chiropractic expenses                                  $ N/A
4. Total physical therapy expenses                              $ 11,414
5. Total other expenses (describe) Radiology/MRI                $ 3258
                                                    Subtotal    $ 54,878
B. Documented lost wages and compensation to date               $ TBD
C. Documented property damages to date                          $
D. Reasonably anticipated future medical expenses               $
E. Reasonably anticipated lost wages and compensation to date   $
F. Other documented items of damages (describe)                 $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Fracture of Left Tibial Plateau

                                                        Total $ 54,878

[Stamp: 2015 SEP 30 PM 2:55 DORCHESTER COUNTY SHERIFF'S OFFICE CIVIL PROCESS]

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                        TOTAL    $................

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _BMK_                   Date: 8/27/15

A.O.S.C. 3-2007

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 15-2591

JAMES WHITLEY , Plaintiff(s)

v.

LINDE MATERIAL HANDLING ET AL. , Defendant(s)

*[Stamp: 2015 SEP 30 PM 2:56 DORCHESTER COUNTY SHERIFF'S OFFICE CIVIL PROCESS]*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Brian Keane of The Kaplan Bond Group plaintiff's attorney, whose address is 88 Black Falcon Ave, Ste 301, Boston an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M – 1/15



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                         SUPERIOR COURT
                                                     C.A. NO. 15-2591 D

JAMES WHITLEY,                )
     Plaintiff,               )
                              )
v.                            )
                              )
LINDE MATERIAL HANDLING       )
NORTH AMERICA CORPORATION,    )
KION NORTH AMERICA CORPORATION)
     Defendants.              )



## INTRODUCTION

1. This is a products liability action for money damages arising out of an incident where a Linde #3, manufactured by either Linde Material Handling North America Corporation (hereinafter "Linde") or Kion North America Corporation (hereinafter "Kion") overturned and injured the plaintiff.

## PARTIES

2. The plaintiff, James Whitley, is an individual and resides at 21 Frisbie Road, Marshfield, Massachusetts.

3. The defendant, Linde Material Handling North America Corporation, is a corporation with a principal place of business located at 2450 W. 5th North Street, Summerville, SC.

4. The defendant, Kion North America Corporation., is a corporation with a principal place of business located at 2450 W. 5th North Street, Summerville, SC.

## FACTS

5. On or about August 31, 2012, Mr. Whitley was working as a Longshoreman/Harbor Worker in the Conley Terminal located in South Boston and was operating a Linde or Kion #3 forklift truck.

6. While Mr. Whitely was moving an empty reefer box (refrigerated container), the forklift truck flipped over crushing his leg.

## COUNT I
### James Whitley v. Linde Material Handling North America
(Negligence)

7. Paragraphs 1-6 are adopted by reference.

8. Linde owed a duty of care to Mr. Whitley.

9. Linde breached that duty through negligence in the design, manufacturing, testing, inspection, distribution, and inadequate warnings for the forklift truck as well as in other respects that will be shown at trial.

10. As a direct and proximate result of Linde's breach, Mr. Whitely was seriously injured.

## REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

a. That this court enter judgment in his favor against the defendant.

b. That this court enter such other and further relief as it deems appropriate.

## COUNT II
### James Whitley v. Kion North America Corporation
(Negligence)

11. Paragraphs 1-10 are adopted by reference.

12. Kion owed a duty of care to Mr. Whitley.

2

13. Kion breached that duty through negligence in the design, manufacturing, testing, inspection, distribution, and inadequate warnings for the forklift truck as well as in other respects that will be shown at trial.

14. As a direct and proximate result of Kion's breach, Mr. Whitely was seriously injured.

### COUNT III
### James Whitley v. Linde Material North America Corporation
(Breach of Implied Warranty of Merchantability)

15. Paragraphs 1-14 are incorporated herein and adopted by reference.

16. Linde impliedly warranted that the forklift truck was of merchantable quality.

17. Linde breached its warranty of merchantability by manufacturing and placing in the stream of commerce a forklift truck that was defective and unreasonably dangerous.

18. Mr. Whitley suffered serious personal injuries as a direct and proximate result of Linde's breach and was obliged to expend money for medical care and attendance.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

a. That this court enter judgment in his favor against the defendant.

b. That this court enter such other and further relief as it deems appropriate.

### COUNT IV
### James Whitley v. Kion North America Corporation
(Breach of Implied Warranty of Merchantability)

19. Paragraphs 1-18 are incorporated herein and are adopted by reference.

20. Kion impliedly warranted that the forklift truck was of merchantable quality.

21. Kion breached its warranty of merchantability by manufacturing and placing in the stream of commerce a forklift truck that was defective and unreasonably dangerous.

22. Mr. Whitley suffered serious personal injuries as a direct and proximate result of Kion's breach and was obliged to expend money for medical care and attendance.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

a. That this court enter judgment in his favor against the defendant.

b. That this court enter such other and further relief as it deems appropriate.

**THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
By his attorney

Brian Keane, B.B.O. No. 656717
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
bkeane@kaplanbond.com

Dated: August 27, 2015