UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-10005-JGD |
| KION NORTH AMERICA CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

March 22, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, James Whitley, was working as a Longshoreman/Harbor Worker at the Conley Terminal located in South Boston, Massachusetts on August 31, 2012 when a forklift truck on which he was riding flipped over and crushed his leg. He brought this products liability claim against the purported manufacturer of the forklift, who he believed to be Linde Material Handling North America Corporation. According to the defendant, Linde Material Handling North America Corporation is now known as Kion North America Corp. ("Kion"), and the plaintiff amended his complaint accordingly to name Kion as the sole defendant. The forklift has been destroyed, and there is little identifying information available about the equipment. However, a photograph of the forklift clearly shows that it bears the "Linde" logo.

This matter is presently before the court on Kion's motion for summary judgment. Docket No. 20. Therein, Kion contends that it did not design, manufacture, distribute or sell the forklift truck at issue in this action. Kion has submitted the affidavits of its cost accountant, Jamie Barnaby, and its General Product Manager, Mark Roessler, in support of its contention. These affidavits refer to Kion and its "predecessor companies" but do not identify those companies. Moreover, the affidavits indicate that the computer system searched by the defendant contains data that only goes back to 2001.

The plaintiff has submitted information from the internet showing that "Linde Material Handling" is still in existence and still manufactures forklifts. Moreover, no other "Linde" entity is identified as a forklift manufacturer, and there is a great deal of confusion in the publicly available information concerning the relationships between the Linde entities and the Kion group of companies. This court recognizes that the plaintiff has not challenged Kion's factual assertions directly, or under oath. Nevertheless, a review of the record leaves the critical material fact as to the identity of the manufacturer in dispute. There is no evidence that any entity other than one for which Kion would be responsible could have manufactured a forklift bearing the Linde logo that was used in Massachusetts in 2012. This issue was not addressed in the affidavits submitted by Kion, despite the fact that the information would seemingly be within the defendant's knowledge and control.

The burden is on the party moving for summary judgment to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court finds that Kion has not met this burden, and the motion for summary judgment is DENIED WITHOUT PREJUDICE. Kion may renew its motion if it can demonstrate that another entity (for which it has no liability) could have

manufactured the forklift with the Linde logo depicted in the photograph submitted by the plaintiff. If a renewed motion is not filed within 30 days, this court will hold a status conference to set a discovery schedule.

## II. **STATEMENT OF FACTS**

The plaintiff was working on a forklift truck at the Conley Terminal in South Boston on August 31, 2012, when the machine flipped over and crushed his leg. The forklift was owned by Massport. Massport allegedly refused to allow the equipment to be photographed or inspected after the incident, and the forklift was subsequently destroyed. Pl. Opp. (Docket No. 34) at 2. Massport did provide a serial number for the equipment (EIX317T00006) and described it as "LInde #3." See Kion's Statement of Undisputed Material Facts ¶ 4.[1] At some point, the plaintiff did obtain a photograph of the forklift, which bears the logo "Linde," as well as the name "MIJACK." Pl. Opp. at 2, Ex. A. According to the plaintiff, MIJACK was a distributor of the forklift, but "had no responsibility for design, manufacture or quality control of the Linde machine involved in this incident." Pl. Opp. at 2.

Mr. Whitley filed suit against Linde Material Handling North America Corporation and Kion North America Corporation on August 27, 2015 in Suffolk Superior Court. SF ¶ 10. Counsel for the defendants provided proof to the plaintiff that "Linde Material Handling North America Corporation" had changed its name to "Kion North America Corporation" on December 29, 2014, and that the two companies were, therefore, one in

---

[1] In addition to its original statement of undisputed material facts, Kion filed a supplement to its statement of facts and responded to the plaintiff's additional facts. Since they are all consecutively numbered, they will all be cited as "SF" and can be found at Docket No. 22 (SF ¶¶ 1-9), Docket No. 38 (SF ¶¶ 10-12), and Docket No. 36 (SF ¶¶ 13-21).

the same.  Pl. Opp. at 2-3; Abrams Aff. (Docket No. 37) ¶ 3, Ex. 1.  Therefore, the plaintiff filed an amended complaint, naming Kion as the only defendant.  Pl. Opp. at 2-3.  The case was then transferred to this court on January 5, 2016.  The parties consented to having the case decided by a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Docket No. 16.

Kion filed its motion for summary judgment on June 8, 2016, contending that it did not design, manufacture, distribute, or sell the forklift truck at issue in this litigation.[2]  In support of its motion, Kion filed the affidavit of Mark Roessler, who had been employed by Kion, "or its predecessor companies," since 1977.  Roessler Aff. (Docket No. 24) ¶ 2.  Mr. Roessler attested that he has been responsible for Sales & Product Management, and was familiar with every type of equipment that the company had built or sold during his tenure. Id. ¶ 3.  He also attested that these companies had not built or sold the forklift depicted in the photograph provided by the plaintiff, which he identified as a C80/6 having the ability to stack containers up to six high.  Id. ¶¶ 4-5.  Moreover, the only similar machine that the company had sold, a C80/5, which apparently had the ability to stack containers only up to five high, had been sold to a company in Canada, and had been taken out of service "approximately five years ago."  Id. ¶ 4.[3]

Kion also submitted the affidavit of its cost accountant, Jamie Barnaby, who had been employed by Kion "or its predecessor companies," since 1998.  Barnaby Aff. (Docket

---

[2]  Since it is undisputed that if Kion did not design, manufacture, distribute or sell the forklift at issue it has no liability in this case, this court will not discuss in detail the legal issues raised in the complaint.  Suffice it to say, the plaintiff has brought claims of negligence and breach of implied warranty of merchantability.

[3]  Mr. Roessler does not explain how he was able to identify the equipment depicted in the photograph, or how he could distinguish between the two types of forklifts.

4

No. 23) ¶ 2.  He reviewed the company's "computer systems that store all the records for every lift sold by KION NA and its predecessor companies since April 1, 2001, as well as all records of trucks sold prior to that date for which we processed a warranty claim after April 1, 2001."  Id. ¶ 3.  This review established that KION had not sold any equipment with the serial number Massport had identified since 2001, or processed a warranty on equipment with that serial number since 2001 even if it had been purchased before then.  Id. ¶¶ 3-4.  Similarly, the computer records contained "no record of any equipment being registered to the Port of Massachusetts, the alleged owner of the equipment involved in this case."  Id. ¶ 5.  There is no evidence in the record as to how long forklifts usually remain in use.

In opposing Kion's motion for summary judgment, the plaintiff filed a request pursuant to Fed. R. Civ. P. 56(d) to take discovery on the issue of the identity of the manufacturer.  Docket No. 25.  The court allowed this request, and the plaintiff obtained written discovery from Kion.  See SF ¶¶ 18, 20.  According to Kion, the plaintiff had the opportunity to pursue additional discovery, but elected not to do so.  See SF ¶¶ 19-21.  It is undisputed that plaintiff did not depose Kion's affiants, or serve third-party subpoenas on Massport, the alleged owner of the forklift, or MIJACK, the alleged distributor of the forklift.  See Bishop Aff. (Docket No. 45-1) ¶ 3.

Kion then renewed its motion for summary judgment, Docket No. 35, and the plaintiff renewed his opposition.  Docket No. 34.  In opposing the motion for summary judgment, the plaintiff wrote as follows:

> Linde Material Handling is a company that is still in existence and manufactures the vehicle that is the subject of Mr. Whitley's complaint.  Linde Material Handling has its own website and it is associated with the Linde Heavy Truck website.  The website indicates that Linde Heavy

5

> Truck is a German entity. Looking at either site, the two named Linde entities are synonymous.
>
> When a search is conducted on either site to find one of their companies, KION North America is found as a "partner" located in Summerville, SC. All of the Linde and KION companies are congruent and manufacture lift and reach trucks. The Linde companies are significantly tied together and promote themselves as one company by way of their website. Based upon the misinformation and disinformation from MASSPORT and the crossover on the Linde websites, if this court finds that the defendant is misnamed, Mr. Whitley should be allowed to amend his complaint to add the proper party.

Pl. Opp. at 3-4. The photograph of the forklift truck, and the webpage for "Linde Material Handling" with a copyright date of 2016, are attached as exhibits to the Opposition.[4]

Oral argument on the renewed motion for summary judgment was held on December 21, 2016. At that time, the court took the motion under advisement, stayed discovery, and gave the plaintiff 45 days to file a motion to amend his complaint. Docket No. 43. On February 3, 2017, plaintiff filed a motion to amend the complaint. Docket No. 44. Therein, plaintiff was still unable to identify the manufacturer of the forklift, and stated only that notices had been sent to Linde-Material Handling GmbH, Linde-Material Handling GmbH (Plant II), Linde-Material Handling GmbH (Plant III), and Linde Heavy Truck Division Ltd., alleging that each entity had manufactured the forklift truck at issue. In the letters,

---

[4] This court also located the case of Toyota Indus. Equip. Mfg., Inc. v. Land, No. 1:14-cv-1049-JMS-TAB, 2014 WL 3670133 (S.D. Ind., Indianapolis Div., July 21, 2014), wherein Toyota sought and obtained a preliminary injunction against a former employee who went to work at "Linde Material Handling North America Corporation." In that case, the court found that "Linde's corporate parent, Kion Group, has publicly announced its goal to overtake Toyota as the world's largest manufacturer of lift trucks by 2020." Id. at *3, ¶ 29. Thus, there is evidence that before the "name change" from Linde to Kion, Linde was a separate corporation from Kion.

plaintiff's counsel also stated his intention to add each party to the litigation. Id. ¶¶ 7-8, Ex. B.[5]  No response to these letters had apparently been received. Id. ¶ 8.

In his motion to amend the complaint, the plaintiff also repeated the language quoted above about the confusion of the Linde entities. Id. at 2-3. No proposed amended complaint was attached to the motion, and the plaintiff did not seek leave to amend his complaint to allege that the defendant Kion has liability even if another Linde entity is found to be the manufacturer of the forklift.

Kion then filed a "Response" to the motion to amend, objecting, *inter alia*, to the plaintiff's failure to properly identify the new parties, or to serve them with a motion to amend, or to give any notice to them of a hearing on the motion to amend. Docket No. 45. On February 22, 2017, this court denied the motion to amend without prejudice for failure to comply with Local Rule 15.1(b), which governs the addition of new parties. No further action has been taken in this case. Docket No. 46.

### III. ANALYSIS

Kion has consistently taken the position that it did not design, manufacture, distribute or sell the forklift at issue in this action. Unfortunately, however, it is not clear that Kion has the ability to fully search its records to cover all avenues of inquiry. For

---

[5]  Each letter references the case of James Whitley v. Kion North America Corporation C.A. No.: 16-cv-10005, but does not identify the court in which the case is pending. The notices each state:

> Please be advised that this office represents James Whitley in a claim against Kion North America Corporation for an incident that occurred when a Linde forklift truck flipped over and crushed the plaintiff's leg. It has recently come to our attention, that the actual manufacturer of the Linde forklift truck identified by its serial number, EIX317T00006 is [addressee]. Please consider this letter as notice that we intend to bring the proper party, [addressee] into the above referenced matter.

Docket No. 44, Ex. B.

example, but without limitation, based on the record presently before this court, it is unclear whether Kion has access to the records of Linde Material Handling, either when it was a stand-alone company or after it became affiliated with Kion. Moreover, it is unclear whether searching records back to 2001 is sufficient. Similarly, but again without limitation, there is no explanation of how reviewing the photograph is sufficient to establish that Kion sold a similar, but not this exact, piece of equipment.

This court also does not have the information needed to understand the relationship between Kion and Linde. For example, while the defendant has produced information that Linde Material Handling became Kion in 2014, there is evidence that Linde Material Handling continues to exist and to manufacture forklifts. This confusion precludes this court from finding that Kion has established that it is not responsible for the forklift at issue in this case.

Fundamentally, the plaintiff has produced a photograph of a forklift with the distinctive Linde logo. Presumably, then, the forklift was manufactured by a Linde entity. Publicly available information does not distinguish between different Linde entities in identifying the manufacturer of Linde equipment. If the defendant wants the court to make such a distinction, it needs to provide this court with sufficient information.

### III.  ORDER

For the reasons detailed herein, this court finds that there are material facts in dispute as to the identity of the manufacturer of the Linde forklift at issue in this litigation. Kion's motion for summary judgment (Docket No. 20) is DENIED WITHOUT PREJUDICE. Kion may renew its motion if it can demonstrate that another entity (for which it has no liability) could have manufactured the forklift with the Linde logo depicted in the

photograph submitted by the plaintiff.  If a renewed motion is not filed within 30 days, this court will hold a status conference to set a discovery schedule.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge