UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES WHITLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 16-10005-JGD |
| LINDE HEAVY TRUCK DIVISION LTD., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

June 1, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

Plaintiff, James Whitley, is a resident of Massachusetts. He has brought this action against Linde Heavy Truck Division Ltd. ("LHTD"), a company organized under the laws of the United Kingdom, with its principal place of business in South Wales. Mr. Whitley was seriously injured while working as a Longshoreman/Harbor Worker at the Conley Terminal located in South Boston, Massachusetts on August 31, 2012. At that time, a forklift truck[1] he was operating allegedly flipped over and crushed his leg. In his Amended Complaint ("Am. Compl.") (Docket No. 58), Mr. Whitley alleges that the forklift truck was manufactured by LHTD and was defective. (Am. Compl. ¶¶ 1, 8, 12). He has asserted claims against LHTD for negligence (Count I) and breach of implied warranty of merchantability (Count II).

---

[1] Plaintiff refers to the product at issue as a "forklift truck" and defendant refers to it as a "container handler." For purposes of this memorandum, the product will be referred to as a "forklift truck."

This matter is before the court on "Defendant, Linde Heavy Truck Division Ltd.'s, Motion to Dismiss for Lack of Personal Jurisdiction." (Docket No. 63). By its motion, LHTD contends that all of Mr. Whitley's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because LHTD lacks sufficient contacts with Massachusetts to support this court's exercise of personal jurisdiction over it. As described below, this court finds that LHTD is not subject to this court's jurisdiction. Accordingly, and for all the reasons detailed herein, LHTD's motion to dismiss for lack of personal jurisdiction is ALLOWED.

## II. STATEMENT OF FACTS

### Standard of Review of Record

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009), and cases cited. "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under this standard, the plaintiff must "demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." Id. (citation omitted). Thus, to meet its burden in this case, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The court will "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." Id. It will "then add to the mix facts put

forward by the defendants, to the extent that they are uncontradicted." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (quoting Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)).

Applying this standard to the instant case, the relevant facts are as follows.[2]

### Identification of the Manufacturer

On August 31, 2012, Mr. Whitley was working as a Longshoreman/Harbor Worker at the Conley Terminal located in South Boston, Massachusetts, when a forklift truck on which he was riding flipped over and crushed his leg. (Am. Compl. ¶¶ 4-5). The forklift truck allegedly had the name "Linde" emblazoned on the side. (See Docket No. 49 ¶ 5). On August 27, 2015, Mr. Whitley filed suit in Suffolk Superior Court against Linde Material Handling North America Corporation and Kion North America Corporation – the plaintiff believed that one of these related entities had manufactured the forklift truck at issue. (See Docket No. 6 (Original Compl.) ¶ 1). According to the defendant, Linde Material Handling North America Corporation is now known as Kion North America Corp. (See Docket No. 47 at 1). Based on this information, the plaintiff amended his complaint to name Kion North America Corporation ("Kion") as the only defendant. (See Docket No. 6 at 21, 23).

Kion removed the action to this court on January 5, 2016. (Docket No. 1). Kion then moved for summary judgment on the basis that it had not manufactured the forklift truck. (Docket No. 20). While the motion was initially denied (Docket No. 47), considerable confusion remained as to which "Linde" company was responsible for manufacturing the forklift truck at

---

[2] The facts are derived from the following materials: (1) the Amended Complaint (Docket No. 58) ("Am. Compl."); (2) the Declaration of Richard Smart (Docket No. 63-2) ("Smart Decl."); and (3) other pleadings.

[3]

issue. (See, e.g., Docket Nos. 23, 24, 44, 49, 54, 55, 58). Finally, the parties agreed that LHTD is the entity responsible for manufacturing the forklift truck at issue in this case. (See Docket No. 55 ¶ 1). LHTD contends, however, that this court has no jurisdiction over this foreign entity.

### LHTD's Contacts With Massachusetts

LHTD is a private limited company organized under the laws of the United Kingdom. (Smart Decl. ¶ 3). LHTD ceased active business operations in 2013. (Id.). When it was actively operating, LHTD maintained its principal place of business in Merthyr Tydfil, South Wales, Great Britain, where the forklift at issue was manufactured. (Id. ¶¶ 3-4). While it was active, LHTD did not conduct business in Massachusetts, did not conduct marketing activities in Massachusetts, was not a registered company in Massachusetts, had no registered agent for service of process in Massachusetts, did not pay taxes in Massachusetts, had no employees in Massachusetts, did not maintain an office in Massachusetts, owned no personal or real property in Massachusetts, held no bank accounts in Massachusetts, and had no telephone listings in Massachusetts. (Id. ¶ 4).

The forklift truck at issue was manufactured in South Wales in 2006. (Id. ¶ 5). LHTD sold the forklift truck to Mi-Jack Products, Inc. ("Mi-Jack"), a distributor located in Hazel Crest, Illinois. (Id.). After the forklift truck was delivered to Mi-Jack in April 2006, LHTD had no further involvement with the forklift truck, either in the United States generally or in Massachusetts specifically. (Id.). LHTD had no involvement in the subsequent sale of the forklift truck by Mi-Jack, or involvement in any transaction or activity that ultimately resulted in the forklift truck's presence in Massachusetts. (Id.).

On December 21, 2017, LHTD filed its motion to dismiss for lack of personal jurisdiction, arguing that LHTD does not satisfy the minimum contacts required for this court to maintain general or specific jurisdiction over LHTD.  On January 3, 2018, Whitley filed his opposition to defendant's motion to dismiss, arguing that this court should exercise jurisdiction over LHTD. (See Docket No. 67 ("Pl. Opp.")).  A hearing was held on January 30, 2018, after which the plaintiff was given 30 days to supplement the record with any evidence regarding personal jurisdiction, including the existence of an agency relationship, if any, between LHTD and Mi-Jack.  (See Docket No. 73).  No supplementation was made.

### III.  ANALYSIS

As described above, Mr. Whitley asserted claims for negligence (Count I) and breach of implied warranty of merchantability (Count II).  (See Am. Compl.).  For the reasons that follow, this court finds that Mr. Whitley has not made a *prima facie* showing of personal jurisdiction over LHTD.  Accordingly, LHTD's motion to dismiss for lack of personal jurisdiction is ALLOWED.

#### A.  Personal Jurisdiction – Generally

In order to exercise personal jurisdiction over LHTD, the court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause."  Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  In the past, the First Circuit has treated the "limits of Massachusetts's long-arm statute as coextensive with those of the Due Process Clause."  Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016).  In such cases, the court has been able to "side-step the statutory inquiry and proceed directly to the constitutional analysis[.]"  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).  However,

more recently the First Circuit "suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution." Copia Commc'ns, 812 F.3d at 4. This disparity recently was confirmed by the Massachusetts Supreme Judicial Court, which held as follows:

> We recently clarified ... that Massachusetts courts cannot "streamline" the personal jurisdiction inquiry by focusing solely on due process considerations, under the theory that the limits imposed by the long-arm statute and due process are coextensive. See SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 329-330 & n.9, 85 N.E.3d 50 (2017). They are not. Id. "The long-arm statute 'asserts jurisdiction over [a nonresident] to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established." Id. at 329, 85 N.E.3d 50, quoting Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6, 389 N.E.2d 76 (1979).

Exxon Mobil Corp. v. Att'y Gen., 479 Mass. 312, 317 n.3, 94 N.E.2d 786, 793 n.3 (2018). The same result is reached in the instant case under both the long-arm statute and due process analysis.

### B. Massachusetts Long-Arm Statute

"Massachusetts's long-arm statute, G.L. c. 223A, § 3, 'sets out a list of specific instances in which a Massachusetts court may acquire personal jurisdiction over a nonresident defendant.'" Id. at 317, 94 N.E.2d at 792-93 (quoting Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994)). The burden is on the plaintiff to establish the existence of facts sufficient to establish jurisdiction. Id. Pursuant to ch. 223A, § 3, a person's relevant conduct may be undertaken either "directly or by an agent[.]" In the instant case, plaintiff argues that "[i]f found to be an agent of Defendant, Mi-Jack's sales in Massachusetts would constitute contacts with the forum for the purposes of personal jurisdiction[.]" (Pl. Opp. at 3). As detailed

above, however, Mr. Whitley has not put forward any evidence that Mi-Jack served as LHTD's agent. Therefore, only LHTD's contacts with Massachusetts will be evaluated.

The potentially relevant provisions of ch. 223A, § 3 are as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth; [or]
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth[.]

Id. § 3(a-d).

The record before this court is that LHTD did not transact any business in Massachusetts or contract to supply any of its product in Massachusetts, and, therefore, §§ 3(a) and (b) are not applicable. The purported "act" in this case was the manufacturing of the forklift truck at issue, which was allegedly defective. The forklift truck was manufactured in Great Britain. However, under § 3(c), "a negligent act or a failure to act outside the state cannot be considered an act or omission *in* Massachusetts." Fiske v. Sandvik Mining & Constr. USA, LLC, 540 F. Supp. 2d 250, 254 (D. Mass. 2008) (emphasis in original) (in suit for negligent design of oil rig and negligent failure to warn, there was no jurisdiction under § 3(c) where rig was not designed in Massachusetts and no aspect of the marketing, sale, or distribution of the rig occurred in Massachusetts, although accident occurred in Massachusetts). Therefore, Mr. Whitley's injury

[7]

is "clearly not the result of an 'act or omission in this commonwealth' within the meaning of § 3(c)." Id. Similarly, plaintiff has not established that § 3(d) applies, since there is no evidence that LHTD regularly conducts business in Massachusetts or derives significant revenue from business in Massachusetts. In sum, plaintiff has not met his burden of establishing that jurisdiction is appropriate under the Massachusetts long-arm statute.

The plaintiff relies on Edwards v. Radventures, Inc., 164 F. Supp. 2d 190 (D. Mass. 2001), but that case is easily distinguishable from the instant matter. In Edwards, the court found that the defendant transacted business in Massachusetts, and that jurisdiction existed under Mass. Gen. Laws ch. 223A, § 3(a). 164 F. Supp. 2d at 194-95. The issue before that court was whether the amount of sales by Radventures to Massachusetts residents, and its communications with the plaintiff in connection with its sale of a monoski to the plaintiff in Massachusetts, were sufficient to constitute transacting business under the long-arm statute. In the instant case, however, there is no evidence that LHTD made any sales of any equipment in Massachusetts. The plaintiff has not established that the statutory requirements for jurisdiction have been satisfied.[3]

Because jurisdiction of this court over LHTD is not properly granted under the Massachusetts long-arm statute, it is not necessary to proceed to the constitutional analysis because

---

[3] The plaintiff also cites to Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). However, Asahi supports the conclusion that there is no jurisdiction in the instant case. In Asahi, the Court confirmed the principle that a defendant must take actions which are "purposefully directed toward the forum State" to satisfy due process requirements, and held that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." Id. at 112, 107 S. Ct. at 1032. In the instant case, there is no evidence that LHTD did anything more than place its products in the stream of commerce – there is no evidence that it purposefully directed any actions toward Massachusetts.

the court must "find sufficient contacts between the defendant and the forum to satisfy *both* that state's long-arm statute and the Fourteenth Amendment's Due Process clause." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995) (emphasis added). However, since the parties focused on the constitutional analysis, it will be addressed. The results are the same.

**C.      Due Process Analysis**

Under the Due Process Clause, a court may exercise personal jurisdiction "over an out-of-state defendant only if that defendant has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Copia Commc'ns, 812 F.3d at 4 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)) (alteration in original; additional quotation marks and citation omitted). Accordingly, "[t]he accepted mode of analysis for questions involving personal jurisdiction concentrates on the quality and quantity of the potential defendant's contacts with the forum." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109, 107 S. Ct. 1026, 1030, 94 L. Ed. 2d 92 (1987) (punctuation and emphasis in original; internal quotation marks and citation omitted).

"Personal jurisdiction may be either general or specific." Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010). "General jurisdiction broadly subjects the defendant to suit in the forum state's courts 'in respect to all matters, even those that are unrelated to the defendant's contacts with the forum.'" Id. (quoting Phillips Exeter Acad., 196 F.3d at 288). Specific

jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Id. (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994).

In the instant case, there is no claim that LHTD is subject to this court's general jurisdiction. It was neither incorporated here nor were its contacts with Massachusetts "so continuous and systematic as to render it essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 138-39, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) (internal punctuation and citation omitted). Therefore, this court will proceed to the specific jurisdiction analysis. See Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) ("The plaintiff need not prove the existence of both types of jurisdiction; either one, standing alone, is sufficient.").

**D. Specific Jurisdiction Analysis**

For purposes of specific jurisdiction analysis, the First Circuit has "broken the minimum contacts analysis into three categories—relatedness, purposeful availment, and reasonableness[.]" Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007). Thus, as the Court has explained:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id. (quoting Daynard, 290 F.3d at 60). "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." Phillips Exeter Acad., 196 F.3d at 288. As detailed below, the evidence is insufficient to support these elements, as a result of which this court does not have personal jurisdiction over LHTD under a specific jurisdiction analysis.

**Relatedness**

The relatedness inquiry "is to be resolved under 'a flexible, relaxed standard.'" Baskin-Robbins Franchising LLC, 825 F.3d at 35 (quoting Pritzker, 42 F.3d at 61). "The relatedness prong requires the plaintiff to show a demonstrable nexus between its claims and the defendant's forum-based activities, such that the litigation itself is founded directly on those activities." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 66 (1st Cir. 2014) (quoting Adelson, 652 F.3d at 81) (internal punctuation omitted).

In the instant case, the plaintiff asserted claims for negligence and breach of the implied warranty of merchantability regarding an alleged manufacturing defect in the forklift truck. LHTD manufactured the forklift truck in Great Britain, then sold and delivered it to Mi-Jack, an Illinois company, in Illinois. There is no evidence that Mi-Jack is an agent of LHTD. After the forklift truck was delivered to Illinois, LHTD did not have any involvement in any transaction or activity related to the forklift truck or its eventual presence in Massachusetts. Thus, it cannot be said that the claims in this suit arise out of defendant's forum-state activities.

**Purposeful Availment**

"The purposeful availment inquiry . . . focuses on the defendant's intentionality. This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." Swiss Am. Bank, Ltd., 274 F.3d at 623-24 (internal citation omitted). Accordingly, purposeful availment occurs "when a defendant deliberately targets its behavior toward the society or economy of a particular forum [such that] the forum should have the power to subject the defendant to judgment regarding that

behavior." Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st. Cir. 2011) (citing J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881, 131 S. Ct. 2780, 2787-88, 180 L. Ed. 2d 765 (2011)). "The enforcement of personal jurisdiction over a non-resident defendant is foreseeable when that defendant has established a continuing obligation between itself and the forum state." Sawtelle, 70 F.3d at 1393. "[P]assively put[ting] an item in the stream of commerce" is not sufficient to constitute purposeful availment. C.W. Downer, 771 F.3d at 68 (citation omitted). See also note 3, supra. When a case, like the instant one, is in federal court on diversity jurisdiction alone, absent a federal question claim, the court must consider defendant's contacts with only the particular forum state, not with the United States as a whole. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992).

In the instant case, there is no evidence that LHTD purposefully availed itself of the opportunity to do business in Massachusetts. LHTD did not conduct business in Massachusetts, solicit business in Massachusetts, have employees in Massachusetts, negotiate contracts in Massachusetts, or have property in Massachusetts. LHTD put the forklift truck at issue into the stream of commerce in Illinois, without any indication, or obvious intention that it would end up in Massachusetts. LHTD did not purposefully direct any action towards Massachusetts. Therefore, the plaintiff has not met this criteria for asserting specific jurisdiction over LHTD.

### Reasonableness: Gestalt Factors

As detailed above, the third consideration for establishing specific jurisdiction is whether the exercise of jurisdiction is reasonable. Daynard, 290 F.3d at 60-61. This involves an analysis of the so-called "Gestalt factors," which includes consideration of "(1) the defendant's

burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Sawtelle, 70 F.3d at 1394. However, "the gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled." Id. (internal punctuation and citation omitted). Given the complete absence of any contacts between LHTD and Massachusetts, there is no need for this court to address the Gestalt factors. Under the facts presented here, it clearly would not be reasonable for the court to exercise jurisdiction over LHTD.

## IV. CONCLUSION

For all the reasons detailed herein, "Defendant, Linde Heavy Truck Division Ltd.'s, Motion to Dismiss for Lack of Personal Jurisdiction" (Docket No. 63) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge